

U.S. Department of Justice

*United States Attorney*
*District of Maryland*

*Patricia McLane*     *Suite 400*     DIRECT: 410-209-4942
*Assistant United States Attorney*     *36 S. Charles Street*     MAIN: 410-209-4800
*Patricia.McLane@usdoj.gov*     *Baltimore, MD 21201-3119*     FAX: 410-962-0717

February 18, 2025

The Honorable Brendan Hurson
United States District Court Judge
District of Maryland
Edward A. Garmatz United States District Courthouse
101 W. Lombard Street
Baltimore, MD 21201

      Re:    Sentencing in *United States v. Jarrod Lyles*
               Crim. No. BAH-23-465

Dear Judge Hurson:

      The Defendant, Jarrod Lyles, is scheduled for a sentencing hearing on March 4, 2025, at 2 p.m. The Government offers this brief sentencing letter in support of the parties' agreed-to sentence of 27 months' incarceration, pursuant to Rule 11(c)(1)(C). In sum, the Government believes this sentence, which is within the guidelines range as calculated by the Pre-Sentence Report ("PSR"), is sufficient but not greater than necessary to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

## I. UNITED STATES SENTENCING GUIDELINES

      The Government agrees completely with the guidelines and criminal history caclulations in the PSR. Specifically, the Government agrees that the total offense level is 17. *See* PSR at ¶ 24. The Government further agrees that the Defendant's criminal history level is II. *Id.* at ¶ 31. Therefore, the guidelines for the Defendant are 27-33 months' incarceration.

      The Government also has no objection to the release status outlined in the PSR giving the Defendant credit for time served pre-trial from his arrest on November 6, 2023, through his release on conditions in federal court on January 12, 2024.

## II. THE RELEVANT SECTION 3553(a) FACTORS

      A sentence of 27 months' imprisonment is sufficient but not greater than necessary to achieve the purposes of sentencing under Section 3553(a). The Defendant has a prior conviction for possession of a handgun in 2020; he had a loaded extended magazine capable of killing 15

people; and there was 4.5 ounces of marijuana in the vehicle. A period of incarceration is warranted to address the sentencing factors laid out in 18 U.S.C. § 3553(a).

### A. Nature and Circumstances of the Offense, the Seriousness of the Offense, and the Need to Protect the Public from Further Crimes of the Defendant

The nature and circumstances of the offense are serious especially in Baltimore where firearm use is frequent and deadly. The Defendant had a loaded handgun capable of killing 15 people. There is no excuse for such a weapon. The Government does not have any evidence of the Defendant's intent when he possessed such a killing machine. However, the Government can surmise, based on experience in other gun possession cases, that the Defendant either feared for his life, or wanted to develop, elevate, or keep "street cred". If the reason is the former, one can avail themselves of police or other legal protections; if the reason is the latter, there is little the Government can do to assuage such an ego. Regardless of the reason, the Defendant is prohibited from possessing a firearm and there is no excuse to justify his possession on November 6, 2023.

### B. History and Characteristics of the Offender

The Defendant has four prior adult convictions, the most serious being a prior possession of a loaded handgun in 2019 at the age of 27. *Id.* at ¶ 29. What stands out about the Defendant is the age he began committing crimes. He cannot claim childish or immature whims. The Defendant was an adult when he acquired these convictions, and according to him, mature enough to sign as an artist with Def Jam Records. *Id.* at ¶ 58. The Defendant has a distinct plan for the future, and his possession of a firearm was clearly part of the plan in November 2023. However, this simply cannot be, and a sentence of 27 months' incarceration is sufficient but not greater than necessary.

To his credit, the Defendant readily admitted guilt and did so almost immediately. He saved the Government time and resources, and this quick acceptance of guilt is a large reason why the Government believes the bottom of the guidelines is the appropriate.

### C. The Need to Afford Adequate Deterrence.

Taking deterrence into account, a 27-month sentence is the appropriate sentence in this case. The Defendant served less than six months for his prior handgun conviction and this longer period of incarceration should deter the Defendant from future crimes.

The Government further hopes that imposing this sentence will promote general deterrence while not being greater than necessary. This sentence tells others that even first-time federal defendants with a minimal criminal history will serve a period of incarceration for handgun crimes.

### IV. CONCLUSION

For these reasons, the Government respectfully submits that variant sentence of 27-months' imprisonment would be sufficient but not greater than necessary to achieve the purposes of sentencing under Section 3553(a).

Very truly yours,

Phillip A. Seldon
Acting United States Attorney

_____/s/_____
Patricia McLane
Assistant United States Attorney